■ RONALD C. SELLNOW, Appellant, v CAROLE M. SELLNOW, Respondent.
—Appeal from a judgment of the Supreme Court, entered July 11, 1978 in Albany County, upon a decision of the court at a Trial Term, without a jury,

which granted the defendant absolute divorce on the grounds of cruel and inhuman treatment. Plaintiff husband commenced an action on November 25, 1975 for a divorce on the grounds of cruel and inhuman treatment. Defendant wife counterclaimed for a legal separation based on alleged adulteries committed by her husband "between August 25, 1975 and the time of the commencement of the action". During the trial, evidence of adulteries committed by her husband on January 19 and 23 of 1977, were introduced. At the close of proof both parties stipulated to conform their pleadings to the proof adduced at trial. However, defendant thereupon submitted an amended answer and counterclaim asserting cruel and inhuman treatment as an additional grounds for divorce. Plaintiff protested in a letter to the court that the stipulation to conform the pleadings to the proof did not contemplate addition of new grounds for divorce. The amended answer and counterclaim were accepted by the court without giving plaintiff's attorney an opportunity to be heard in opposition thereto, and the defendant was granted a divorce on the grounds of cruel and inhuman treatment. Plaintiff's cause of action based upon cruel and inhuman treatment and defendant's original cause of action based upon adultery were dismissed. Although the stipulation did not expressly permit additional grounds for relief, the courts have been liberal in allowing such amendments, even *sua sponte,* where no new factual issues are created and only the theory of law upon which relief is granted is changed (see *Diemer v Diemer,* 8 NY2d 206). Plaintiff did allow defendant to conform her pleadings so as to encompass events occurring up to the time of the close of proof at trial. Once the inclusion of these underlying facts is stipulated to, plaintiff's objection to defendant's addition of a new theory of law to the counterclaim is unavailing. Plaintiff does not challenge the ruling below on the merits. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.